373 F.Supp. 1185 (1974)
Robert H. LIVINGSTON and Dorothy L. Livingston, Plaintiffs,
v.
TITLE INSURANCE COMPANY OF MINNESOTA, a corporation, Defendant.
No. 73 C 467 (A).
United States District Court, E. D. Missouri, E. D.
April 2, 1974.
Jerome Kalishman, Blumenfeld, Kalishman, Marx & Tureen, St. Louis, Mo., for plaintiffs.
Robert C. Jones, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, Mo., for defendant.

MEMORANDUM OPINION
HARPER, Senior District Judge.
This action involves a claim by the plaintiffs, Robert H. and Dorothy H. Livingston, against the defendant, Title Insurance Company of Minnesota, under a policy of title insurance, which was originally filed in the Circuit Court of St. Louis County, Missouri, Cause No. 344783. Pursuant to 28 U.S.C. § 1441, this cause was removed by the defendant to this Court, and this Court has jurisdiction *1186 by reason of diversity of citizenship and amount. The cause was heard by this Court, sitting without a jury, on December 17, 1973.
On March 28, 1974, a stipulation was filed by the attorneys for both parties agreeing that a plat, which the Court has attached to the stipulation and marked Exhibit 20, shall be admitted into evidence. Exhibit 20 is a plat from the Final Plans of the Missouri Highway Department with respect to a section of St. Charles Rock Road involved in this suit, and is referred to in Exhibit 5.
In October of 1968, the plaintiffs herein purchased a tract of land from Anthony and Mabel Thackery for $60,000.00, pursuant to an option contract entered into on August 24, 1967. The subject property consisted of two parcels:[1] The first parcel consisting of Parcels 1-A and 1-B as identified on Plaintiffs' Exhibit 2, and the second parcel being a triangular track identified as Parcel 2 on Plaintiffs' Exhibit 2 (See Footnote 1). The subject property is on St. Charles Rock Road just west of its intersection with Interstate 70 and is the first tract encountered by westbound traffic going from Interstate 70 to St. Charles Rock Road, as shown by Plaintiffs' Exhibit 3. On October 16, 1968, the plaintiffs purchased a policy of title insurance Policy No. Z 246110 (Plaintiffs' Exhibit 4), from the defendant, covering the two parcels of land purchased from the Thackerys.
At trial the plaintiff, Robert H. Livingston, testified that at the time he purchased the subject property it was zoned for residential use but that he had purchased the property with the intention of having it rezoned for commercial use as a service station and office building site. He had speculated in land for service station sites for some years and was an oil jobber at the time of purchase. He stated that he had been told before he purchased the property that *1187 Parcel 2 had been acquired by the Thackerys from the State of Missouri, and that it had no rights of access onto St. Charles Rock Road, but that he was unaware of any restrictions on access from Parcel 1 onto St. Charles Rock Road.
It was stipulated that the reference in his deed from the Thackerys (Plaintiffs' Exhibit 1) concerning no right of access referred to Parcel 2 only. At the time of purchase the right of access from Parcel 1 to St. Charles Rock Road was limited to a 30 foot wide entrance, whose centerline was 103 feet west of the eastern boundary of Parcel 1, as shown on Exhibit 20 and on Plaintiffs' Exhibit 12. Exhibit 12 is a plat made by James B. Becker, Consulting Engineer, in October of 1967 for Texaco Oil Company, the company to whom plaintiff ultimately leased a part of the property. This plat (Plaintiffs' Exhibit 12) with respect to the right of access to the property shows in dotted lines a "Rock Drive" (asphalt) entrance to the property, and designates it "Entrance allowed by M.S.H.D." (M.S. H.D. refers to the Missouri State Highway Department). The certificate on the plat in part says, "The above plat was made from an actual survey according to the records available and recorded. There are no easements visible on said property except those shown hereon."
The petition for condemnation (Exhibit 5) involving this property was filed in November of 1956 by the State of Missouri ex rel. State Highway Commission of Missouri in the Circuit Court of St. Louis County (Cause No. 215119), as shown by Exhibit 6 (Order Appointing Commissioners). Exhibit 20, a plat from the Final Plans referred to in the condemnation suit, and Exhibit 12, both show only one and the same entrance to the property involved from St. Charles Rock Road. From the certification on Exhibit 12 it appears that the Engineer who prepared Exhibit 12 examined Exhibit 20 in connection with his preparation of Exhibit 12. Access along the rest of the boundary of Parcel 1 with St. Charles Rock Road had been condemned by a decree of the St. Louis County Circuit Court entered on November 8, 1956, in Cause No. 215119 (Plaintiffs' Exhibits 5 and 6).
After acquisition plaintiff proceeded with his development plans and succeeded in having the property rezoned from residential to commercial use (Plaintiffs' Exhibit 9), and obtained a special use permit for a service station and a two-story office building (Plaintiffs' Exhibit 10).
Plaintiff testified that during the entire period from 1968 to 1971 that he was negotiating with Texaco, Inc., for Texaco to either purchase or lease Parcel 1-A or a part thereof for a service station site. Plaintiff stated that in late 1969 or the first part of 1970, while these negotiations with Texaco were underway, he first became aware of the limitation on access from Parcel 1-A to St. Charles Rock Road. In view of the plaintiff's background and experience, the notation on the deed referring to condemnation, the reference in the title policy referring to the state condemntion suit, and Plaintiffs' Exhibit 12, the testimony is not credible. This, however, does not dispose of the case, as we are dealing only with the title certificate and not his knowledge.
In the spring of 1970, plaintiff purchased an option to buy the Walker property which abutted on St. Charles Rock Road and was just west of Parcel 1-A for $38,750.00 in order to acquire another access to Parcel 1-A. Exhibit 12 shows the rock driveway on Parcel 1-A was a circular driveway, one exit and/or entrance being on the Walker property. Plaintiff stated that this was necessary due to the limited access of Parcel 1-A to St. Charles Rock Road, and the fact that Texaco was not interested in a service station site with only one access, but required two accesses. This testimony was affirmed by the testimony of Roy Kein, a retired real estate agent for Texaco, who handled the negotiations concerning Parcel 1-A with plaintiff for Texaco. He said that Texaco plans provided for two accesses and *1188 that Texaco would not have been interested in a station site with only one access, although other major oil companies might.
After a lease was finally negotiated with Texaco, the plaintiff purchased the Walker property in February of 1973, pursuant to his option, and gave Texaco a right of access to St. Charles Rock Road over part of the Walker property. Since the Walker property only had a twenty-foot access to St. Charles Rock Road the plaintiff had to purchase an additional ten feet of access from the Missouri State Highway Department at a cost of $5,000.00 in order to meet Texaco's desire of two thirty-foot accesses onto St. Charles Rock Road.
Plaintiffs contend that the limitation on access from Parcel 1-A to St. Charles Rock Road was a defect in the title to the subject property at the time of purchase, and that such defect was covered by the policy of title insurance issued by the defendant on October 16, 1968 (Plaintiffs' Exhibit 4). Plaintiffs also contend that the right of unlimited access to Parcel 1 taken by the State of Missouri in condemnation suit No. 215119 could not, by definition, be an easement given to the state and that their damages as a direct result of the above alleged defect was $74,500.00, and therefore, they are entitled to recover $60,000.00, the face amount of the title insurance policy, from the defendant.
The defendant contends that it is not liable for any loss suffered by the plaintiffs due to the limited access from Parcel 1-A to St. Charles Rock Road because such loss is excluded from coverage by paragraph 5 in Schedule B of the title insurance policy issued to the plaintiffs by the defendant.
Plaintiffs' contention that the right of unlimited access to Parcel 1-A could not, by definition, be an easement is refuted by State v. Clevenger, Mo., 291 S.W.2d 57, 59 (1956), citing State ex rel. State Highway Commission v. James, Banc, 356 Mo. 1161, 205 S.W.2d 534, 538 (1947), where the court said:
"* * * the Commission had full power to condemn easements in land for rights of way, and also to extinguish easements of access held by abutting owners, which in themselves were interests in land * * *."
Therefore, as stated above the right of unlimited access of an abutting property owner is an easement.
Schedule B of the title insurance policy here involved contains the following language:
"This policy does not insure against loss or damage by reason of the following:
"5. The easement of the State of Missouri, by condemnation suit No. 215119 of the Circuit Court of St. Louis County, Missouri."
The petition in condemnation suit No. 215119 was introduced into evidence as Plaintiffs' Exhibit 5, and paragraph 4 of that petition appearing on pages 4 and 5 thereof states in part, as follows:
"4. Relator has, in compliance with law, found, determined and declared that the public interest and safety require that rights of direct access to, from, and across this section of State highway be limited as indicated on the plans; that it shall be a limited-access highway; that, except at locations and as otherwise specifically shown on the plans, no abutter's rights of use of, or direct access to, from or across the highway or its right-of-way shall attach or belong to any property abutting on this section of the highway or to any person merely because of ownership of such abutting property; * * *."
On page 6, paragraph 9 (Exhibit 5), the petition states that the lands, properties and rights mentioned thereafter shall be acquired by Relator, and on page 24, paragraph 26.10, the easement in question was condemned in the following language:
"26.10. An easement for right-of-way for State Highway 40 [St. Charles Rock Road is State Highway *1189 40] St. Louis County, Missouri, (access to which will be prohibited, except as set out in the condemnation petition) over the following parcel of land containing 0.103 of an acre, more or less, of new right-of-way * * *,"
Then there appears a legal description of a twenty-foot strip of land which is the same twenty-foot strip excepted from the legal description of Parcel 1 in Schedule A of the title insurance policy.[2]
On November 8, 1956, in an order entitled "Order Appointing Commissioners" (Plaintiffs' Exhibit 6), the St. Louis County Circuit Court ordered, adjudged and decreed "That the lands, property, and rights be and stand condemned for the uses and purposes as set out out in the petition" in Cause No. 215119 (Plaintiffs' Exhibit 5).
Plaintiffs' Exhibits 5 and 6 establish that an easement was condemned across Parcel 1 when it was owned by the plaintiffs' predecessors in title, which esement took the southernmost twenty feet of Parcel 1 which abutted St. Charles Rock Road (State Highway 40) for highway construction, and at the same time limited access to St. Charles Rock Road to the extent specifically shown on the plans, which the condemnation petition referred to in paragraph 6 thereof (Exhibit 5) as being on file with the County Clerk.[3] An examination of the final plans for St. Charles Rock Road (Exhibit 20), which are specifically referred to in the condemnation suit, reveals that only one thirty-foot access from Parcel 1 to St. Charles Rock Road remained after the 1956 condemnation suit (Cause No. 215119).
The order condemning the property and taking the easement which limited the access to Parcel 1 to one thirty-foot entrance was of record for almost twelve years before the title insurance policy was issued on October 16, 1968. The exclusion from coverage of any loss or damage by reason of the easement of the State of Missouri, by condemnation suit No. 215119 contained in Schedule B, paragraph 5, of the title insurance policy called the plaintiffs' attention to condemnation suit No. 215119 and put the plaintiffs on notice of the fact that the defendant excluded from coverage any loss by reason of the State's easement.
This Court finds that any loss or damage the plaintiffs have alleged in this cause was due to the limited access from Parcel 1 to St. Charles Rock Road; that the access from Parcel 1 to St. Charles Rock Road was condemned in 1956 by the State of Missouri in condemnation suit No. 215119, leaving Parcel 1 with only one thirty-foot access onto St. Charles Rock Road, and that coverage for such loss or damage arising from such limited access is excluded from coverage in Schedule B, paragraph 5 of the title insurance policy issued by the defendant to the plaintiffs.
Accordingly, this Court finds in favor of the defendant and against the plaintiffs.
This memorandum opinion is adopted by the Court as its findings of fact and conclusions of law, and the clerk of the court is directed to enter judgment finding in favor of the defendant and against the plaintiffs.
NOTES
[1] ">1.

[2] In Schedule A of the title insurance policy the twenty-foot strip taken by the State of Missouri is excluded from the land covered under the policy in the following language:

"* * * EXCEPTING THEREFROM the South 20 feet thereof taken for the widening of St. Charles Road by decree of condemnation being cause No. 215119 of the Circuit Court of St. Louis County, Missouri."
[3] The County Clerk referred to is the County Clerk of St. Louis County, the county in which the subject property here involved is located.